UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVE ALAN MAHONEY,<br><br>            Plaintiff,<br><br>   vs.<br><br>STEVE HAMMOND, et al. ,<br><br>            Defendants. | NO.   CV-10-109-CI<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

By Order filed July 8, 2010, after consideration of Plaintiff's objections, the Court adopted the Report and Recommendation to dismiss Mr. Mahoney's First Amended Complaint. Plaintiff now asks the Court to reconsider that dismissal and grant him another chance to "re-instate his claim, through the evidence and case law, to show a valid claim against the defendants."

Motions for reconsideration serve a limited function. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989). Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.*, 651 F. Supp. 307, 309 (W.D. Wash.

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

1987).

In the instant case, Plaintiff has not alleged that there has been an intervening change of controlling law. Likewise, he has not offered newly discovered evidence that would justify this Court taking a second look at the issue in question. Thus, the only remaining question is whether the Court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake*, 882 F.2d at 369 n.5.

The Court has already explained to Plaintiff that the facts he alleges, *i.e.*, Defendants, both medical professionals at two correctional facilities and members of two Care Review Committees, have deemed the prescription of narcotic pain medications to this inmate is not medically appropriate, does not substantiate an Eighth Amendment claim of deliberate indifference to his serious medical needs, or a viable claim under Title II of the Americans with Disabilities Act. Plaintiff has been advised if he wishes to pursue new claims regarding a walker he received, he may do so in a separate action against those persons who were involved.

Accordingly, **IT IS ORDERED:** Plaintiff's Motion for Reconsideration **(Ct. Rec. 20)** is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive shall enter this Order, forward a copy to Plaintiff, and close the file.

**DATED** this ____8th____ day of September 2010.

S/ Edward F. Shea
EDWARD F. SHEA
UNITED STATES DISTRICT JUDGE

Q:\Civil\2010\10cv109ci-8-24-denyrecon.wpd

ORDER DENYING MOTION FOR RECONSIDERATION -- 2